IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| SONJIA R. LINDSEY, | ) | CASE NO.3:20 CV 01127 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

**Introduction**

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Sonjia Lindsey, for supplemental security income and disability insurance benefits.[2] The Commissioner found that Lindsey retained a residual functional capacity ("RFC") to perform a number of jobs that exist in the national economy during the period which for which she seeks relief and in the future.[3]

For the reasons set forth below, I recommend that the decision be reversed as not supported by substantial evidence and the matter remanded for further proceed

**Background facts and decision of the Administrative Law Judge ("ALJ")**

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated May 22, 2020.
[2] ECF No. 1.
[3] ECF No. 15 at 100.

Lindsey is a 52 year old former inventory controller at a home improvement store.[4] She has an associate degree in healthcare administration.[5] Lindsey filed her application for disability insurance benefits on May 25, 2017, alleging disability beginning on November of 2016.[6] The ALJ, whose decision became the final decision of the Commissioner, found that Lindsey had severe impairments consisting of diabetes mellitus[7], an intrinsic sphincter deficiency, left wrist tendinopathy, and chronic schizophrenia, depression, and anxiety.[8]

The ALJ found that Lindsey has the residual functional capacity to perform light work as defined in the regulations, with additional limitations.[9] The ALJ decided that this RFC does not preclude Lindsey from performing her past relevant work.[10] Additionally, based on the testimony of the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Lindsey could perform.[11] The ALJ therefore, found Lindsey not under a disability.[12] This decision issued on March 14, 2019.[13] Lindsey then filed an administrative request for review of the ALJ's decision, which was

---

[4] ECF No. 15 at 117.
[5] *Id.* at 121.
[6] ECF No. 17 at 2.
[7] *Id.* at 3.
[8] ECF No. 15 at 118.
[9] *Id.* at 154.
[10] *Id.* at 160.
[11] *Id.* at 160.
[12] *Id.* at 161.
[13] ECF No. 17 at 2.

refused in the Appeals Council dated March 23, 2020.[14] Lindsey subsequently filed her claim in this Court seeking review of the administrative decisions.[15]

## Issues Presented

Lindsey asks for a reversal of the Commissioner's decision because the ALJ failed to properly evaluate the opinions of Lindsey's psychiatrist, Dr. Sprout.[16]

As more fully set forth below, I conclude that the ALJ's RFC finding lacks the support of substantial evidence because the explanation of the persuasiveness of Dr. Sprout's opinion is incomplete and does not provide a basis meaningful judicial review. Consequently, this case should be reversed and remanded for further consideration.

## Analysis

The Court reviews the Commissioner's factual findings for substantial evidence, asking whether "a reasonable mind might accept" the relevant evidence "as adequate to support a conclusion."[17] The Sixth Circuit has reemphasized this point, affirming "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.[18] The court may not disturb

---

[14] *Id.*
[15] *Id.*
[16] ECF No. 17 at 7.
[17] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted); *see* 42 U.S.C. § 405(g).
[18] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (Citations Omitted).

the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

Alternatively, even if substantial evidence supports the ALJ's decision, if the ALJ failed to follow the Social Security Administration rules and regulations the decision should be reversed if the error prejudiced the claimant on the merits or deprived them of a substantial right.[20] According to Lindsey, the ALJ had a duty to properly consider and evaluate the opinions provided by her treating source mental health provider, Dr. Sprout.[21] Here, Lindsey argues, the ALJ failed to do so when it determined Dr. Sprout's opinion were unsupported by the record and instead solely relied on "non-medical evidence" to support her decision.[22] Consequently, she submits, the ALJ's finding as to her mental residual functional capacity was improper and is reversible by this court.[23]

As evidence for this claim, Lindsey argues the regulations[24] require the ALJ thoroughly explain its decision-making process when evaluating Dr. Sprout's medical opinion.[25] Instead, the ALJ argued there was nothing in the record to support the extreme limitations Dr. Sprout believed Lindsey to suffer. Nevertheless the ALJ incorporated the remaining limitations opined by Dr. Spourt into his finding of residual functional

---

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[20] *Cole v. Astrue*, 661 F.3d, 931, 937 (6th Cir. 2011).
[21] ECF No. 17 at 7.
[22] *Id.*
[23] *Id.*
[24] 20 C.F.R. § 404.1520c(b)(2).
[25] ECF No. 17 at 7.

4

capacity.[26] Lindsey contends this incorporation indicates the ALJ ultimately found Dr. Sprout to be credible and consistent with the record, but by setting aside the more severe limitations proposed by Dr. Sprout, the ALJ ruled contrary to its own finding.[27] Lindsey maintains the ALJ failed to provide any explanation as to why the ALJ was selective in its inclusion of Dr. Sprouts assessment of Lindsey's condition, and in doing so, failed to explain why Lindsey retains RFC and can return to work.[28] Consequently, the ALJ had not met its burden of proof.[29]

Alternatively, Lindsey contends the ALJ's decision is reversible because the ALJ did not properly evaluate the remaining opinions articulated by Dr. Sprout.[30] By determining Dr. Sprout opinion concerning Lindsey's limitations was too extreme, the ALJ "failed to properly evaluate Dr. Sprout's opinion in conjunction with Social Security's rules and regulations":

> "Social Security's regulations clearly state that, when evaluating opinion evidence, the ALJ must consider whether the opinion is supported by and consistent with the record. The first thing the ALJ must do when considering a medical opinion then, is consider the supportability of the opinion. Social Security's regulations state that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be."[31]

---

[26] ECF No. 17 at 8.
[27] *Id.* at 10.
[28] *Id.*
[29] *Id.* at 11.
[30] ECF No. 17 at 12.
[31] *Id.*

5

Here, Lindsey argues, Dr. Sprout provided sufficient evidence for her opinions about Lindsey's condition.[32] Thus, the ALJ's finding that there was no evidence to support these opinions is not erroneous, but also unreviewable on account of its ambiguity as to the most important factor in the record.[33] While the ALJ addressed Dr. Sprout's opinions about certain limitations she believed Lindsey suffered, Lindsey contends the ALJ is silent as to the relevance of the other limitations in the record.[34]

The ALJ, in opposition, proposes the new governing regulations for supporting medical opinions, effective January 18, 2017, approximately two months before Lindsey's application of March 27, 2017, render's its conclusion reasonable.[35] The regulations differ from the prior medical evidence rules in several significant ways. First, in evaluating claims filed March 2017, or later, the agency need not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings, including those from the claimants own medical sources.[36] While the ALJ is not required to adopt prior administrative medical findings, they must still consider this evidence in accordance with the Commissioner's regulations as appropriate.[37]

Additionally, while the ALJ "must articulate in [her] determination how persuasive [she] finds all medical opinions and all prior administrative findings in the case record,"

---

[32] ECF No. 17 at 12.
[33] *Id*. at 13.
[34] ECF No. 23 at 6. (Transcript yet to be filed).
[35] ECF No. 20 at 2.
[36] 20 C.F.R. §§ 404.1520c, 416.920c (2017).
[37] ECF No. 20 at 3.

6

the regulations no longer mandate particularized procedures the ALJ must follow in considering opinions from medical sources.[38] Rather, the ALJ argues:

> "The ALJ focuses on the persuasiveness of the medical opinions or prior administrative medical findings using the following factors:
>
>     I. Supportability
>     II. Consistency
>     III. Relationship with the claimant, including:
>         i. Length of the treatment relationship
>         ii. Frequency of examinations
>         iii. Purpose of the treatment relationship
>         iv. Extent of the treatment relationship
>         v. Examining relationship
>     IV. Other factors."

While the ALJ must explain in her decision how persuasive she finds the medical opinion or past administrative medical findings based on the supportability and consistency of the findings the ALJ contends here that she is not required to explain how she considered the other factors in her decision-making.[39] To be exact, the ALJ maintains it "was not obligated to go on to consider or to explain explicitly each individual opinion from Dr. Sprout."[40]

Nevertheless, while the ALJ need not address individual, specific factors, such as Dr. Sprout's relationship with the claimant, it remains true that this Court cannot engage in meaningful judicial review without being able to trace the ALJ's specific reasoning

---

[38] 20 C.F.R. §§ 404.1520c, 416.920c (2017).
[39] *Id.* at 4-5.
[40] ECF No. 23 at 7. (Transcript yet to be filed).

regarding the supportability and consistency of each of the limitations that may render Lindsey disabled.[41]

In oral argument before this Court, it was clear that the interpretative standards applicable to the recently promulgated regulations at issue in this matter are either non-existent or ambiguous. In that regard, I am troubled by the argument that certain limitations proposed by Lindsey's psychiatrist, which would have resulted in a finding of disability, need not be addressed on the record by the ALJ.

That said, notwithstanding lack of clear direction in the case law to guide this Court in ascertaining the articulation mandated by the new regulations, it remains true that the ALJ's decision must be capable of meaningful judicial review.[42] Because the decision of the ALJ here as to the persuasiveness and application of Dr. Sprout's opinions is not capable of such meaningful judicial review, I recommend that the decision be reversed and the matter remanded.

## Conclusion

Accordingly, for the reasons stated, I recommend finding that because the articulation by the Commissioner on the issue detailed above precludes meaningful judicial review, I recommend the Commissioner's decision be reversed as unsupported by substantial evidence and remanded for further consideration consistent with this decision.

---

[41] 20 C.F.R. §§ 404.1520b(2), 416.920c (2017).
[42] *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873 (6th Cir. 2007).

IT IS SO RECOMMENDED.

Dated: July 26, 2020 s/ William H. Baughman, Jr.
United States Magistrate Judge

9

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[43] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).